Ronald J. **ROOT,** Petitioner–Appellant,

v.

Mike **MAHONEY,** Montana State Prison, Respondent–Appellee.

No. 06–35808.

United States Court of Appeals, Ninth Circuit.

Submitted March 4, 2008.*

Filed May 12, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael Donahoe, Esq., Federal Defenders of Montana Helena Branch Office, Helena, MT, for Petitioner–Appellant.

Ronald J. Root, Shelby, MT, pro se.

Ilka Becker, Esq., Office of the Montana Attorney General, Helena, MT, for Respondent–Appellee.

Before: FERNANDEZ, BERZON, and BEA, Circuit Judges.

## MEMORANDUM **

Ronald Root ("Root"), a Montana state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his jury conviction for rape. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

The district court held Root had. procedurally defaulted all of the claims raised in his federal habeas petition because his second post-conviction petition in state court was filed untimely under Montana law. Where a state prisoner has defaulted his federal claims in state court under an independent and adequate state procedural rule, federal habeas review of the claims is barred unless: (1) "the prisoner can demonstrate cause for the default *and* actual prejudice as a result of the alleged violation of federal law"; *or* (2) "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (emphasis added). We granted a certificate of appealability only on the first question: whether cause and prejudice excuses Root's procedural default.[1] We hold Root cannot show cause for his procedural default.

1. To establish cause for his procedural default, Root must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). On appeal, Root asserts three grounds for cause.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. On appeal, Root raises entirely new grounds for cause, none of which he raised in the district court, and abandons on appeal the grounds for cause he raised in the district court. Ordinarily, we will not consider an issue raised for the first time on appeal. *Golden Gate Hotel Ass'n v. City & County of San Francisco*, 18 F.3d 1482, 1487 (9th Cir. 1994). Nevertheless, this is not a "hard and fast rule," and the "matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals." *Id.* (citation and internal quotation marks omitted). We exercise our discretion to consider the merits of the cause grounds Root raises for the first time on appeal.

First, Root contends the cause of his procedural default was his counsel on the direct appeal from his criminal conviction, who, according to Root, failed to communicate with him regarding the "content and progress of the appeal." Ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), can constitute cause for procedural default. *Carrier*, 477 U.S. at 488, 106 S.Ct. 2639. Nevertheless, setting aside the question whether the performance of Root's direct appeal counsel was constitutionally deficient, Root's direct appeal counsel did not cause the procedural default. Rather, Root's claims were procedurally barred because Root's post-conviction counsel, who was different than his direct appeal counsel, voluntarily dismissed the appeal from the denial of his first post-conviction petition in state court and failed to file a timely second petition for post-conviction relief.[2]

Second, Root contends the absence under Montana law of "a State post conviction remedy for ineffective assistance of counsel claims that could have been raised on direct appeal" caused his procedural default. We disagree. Montana Code § 46–21–105(2), which prohibits a petitioner from raising grounds for relief in post-conviction proceedings that could have been raised on direct appeal, did not cause Root's procedural default. As noted above, the reason for Root's procedural default was the untimely filing of his second post-conviction petition.

Third, Root contends there was cause for his procedural default because, at the time he filed his second post-conviction petition, it was unclear whether the one-year limitations period under Montana Code § 46–21–102 applied to second or subsequent post-conviction petitions. The record shows, however, that Root's post-conviction counsel filed the second post-conviction petition untimely because he miscalculated when the limitations period expired—not because the law on the applicability of § 46–21–102 to second or subsequent post-conviction petitions was unclear. Therefore, Root cannot show cause for his procedural default.

2. Root asks this court to remand the case to the district court for an evidentiary hearing on whether cause and prejudice excuses his procedural default. Root is not entitled to an evidentiary hearing because he failed to allege any "facts that, if true, would entitle him to relief." *See Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir.1998).

**AFFIRMED.**

---

**2.** Root does not contend the ineffectiveness of his post-conviction counsel caused his procedural default. Ineffective assistance of counsel during state post-conviction proceedings cannot constitute cause for procedural default because there is no Sixth Amendment right to counsel "in state collateral proceedings after

---

exhaustion of direct appellate review." *See Coleman,* 501 U.S. at 756–57, 111 S.Ct. 2546.

